842 F.2d 331
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GULF OIL CORPORATION, Defendant-Appellant
v.
James G. KRUER, Plaintiff-Appellee.
 No. 87-5636.
 United States Court of Appeals, Sixth Circuit.
 March 17, 1988.
 
 Before ENGEL, MERRITT and KRUPANSKY, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 In this breach of contract appeal of a jury verdict in favor of plaintiff James G. Kruer, the primary issues are: 1) whether the District Court erred in granting Kruer's motion for partial summary judgment on the issue of contract liability; 2) whether the jury's damages award should be reversed; and, 3) whether the District Court erred in using state law to calculate the rate of post-judgment interest. We affirm on the liability and damages issues but remand the case for a determination of post-judgment interest under federal law.
 
 
 2
 Kruer brought this diversity contract action against Gulf Oil Corporation for breach of a wholesale consignment agreement the parties signed on January 1, 1977. The contract set forth the terms and conditions under which Kruer, in exchange for commissions, would deliver Gulf's products:
 
 
 3
 Gulf Oil Corporation ... and James G. Kruer ... desiring to arrange for the sale and distribution of Consignor's [Gulf's] petroleum products to entire Indiana portion, Area South of the Ohio River, Area East of I-65 of the Louisville T.W. [Tank Wagon] and all bulk lube oil deliveries in the entire Louisville T.W. Area and vicinity, agree as follows ...
 
 
 4
 J.A. at 401 (emphasis added).
 
 
 5
 In 1980, Kruer discovered that Gulf was making large and frequent deliveries of bulk lube oil to Ford Motor Company's truck plant located in Louisville. After learning in 1981 of two more Gulf deliveries in his area, Kruer informed Gulf officials that these deliveries violated the 1977 contract and he expected compensation in the form of commissions that he should have received from the deliveries. Kruer later learned that Gulf was also delivering bulk lube oil to other customers in his area. Gulf refused to give Kruer the commissions but executed new contracts with Kruer authorizing him to deliver Gulf products in the Louisville area not otherwise delivered by someone else, including Gulf itself.
 
 
 6
 The District Court granted Kruer's motion for partial summary judgment on the issue of Gulf's liability for breaching the explicit terms of the contract, and it denied Gulf's motion for summary judgment. In response to Gulf's motion to reconsider, the District Court ruled that it would permit Gulf at trial to present an estoppel defense. Gulf claimed Kruer was estopped from making a breach of contract claim because he knew, prior to signing the contract, that Gulf was making deliveries to other customers. The jury deliberated over the estoppel and damages issues and found against Gulf on the defense and in favor of Kruer on damages, awarding him $305,725.74.
 
 I. Liability
 
 7
 Gulf argues that the District Court erred in its order granting Kruer's motion for partial summary judgment because it interpreted the word "all" in the 1977 contract as granting Kruer exclusive rights to deliver bulk lube oil to all customers in his territory. Gulf's view is contrary to the clear and plain meaning of the contract language: "all bulk lube oil deliveries." (emphasis added). We agree with the District Court's determination that the word "all" in the contract does not mean "some," but it means what it appears to mean, i.e., every one of the bulk lube oil deliveries in the assigned area.
 
 
 8
 Kruer and Gulf signed the contract after arms length negotiations. There is no suggestion in the record that Gulf officials who negotiated the contract ever advised Kruer that the contract actually excluded some bulk lube oil deliveries in the area. Nor is there any indication in the contract that "all" does not mean all bulk lube oil deliveries. We affirm the District Court's grant of partial summary judgment for Kruer on the issue of Gulf's liability under the 1977 contract.
 
 II. Damages
 
 9
 Gulf argues that this Court should reverse the jury's $305,725.74 damages award because 1) the District Court's damages instruction was incomplete; and 2) the award is excessive. We reject both of these claims and affirm the jury's award.
 
 
 10
 First, the record indicates that although Gulf tendered to the court its version of jury instructions on the damages issue, it did not specifically object to the Court's instruction on damages before the jury began its deliberations. J.A. at 382; Fed.R.Civ.P. 51. We do not agree with Gulf that the District Court's instruction was plain error requiring this Court to reverse the jury's award. The Court's damages instruction was as follows:
 
 
 11
 If you are satisfied from the evidence, after considering the deliveries for which Kruer seeks compensation, that he has established each of these elements with respect to those deliveries, then you may award damages for those deliveries.
 
 
 12
 In considering the issue of damages, you are instructed that you should assess the amount you find from the evidence under these instructions to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the plaintiff's damages, no more and no less.
 
 
 13
 J.A. at 295.
 
 
 14
 Gulf argues that this instruction was incomplete and provided no specific guidelines on how the jury should calculate damages. But Gulf never indicates that this instruction is an improper statement of the law which in some cases may warrant reversal. See Rodgers v. Fisher Body Div., G.M.C., 739 F.2d 1102, 1106 (6th Cir.1984); Grimm v. Leinart, 705 F.2d 179, 182 (6th Cir.1983). Nor does Gulf show precisely why this instruction, together with the evidence, was insufficient to enable the jury to calculate the amount of damages it wanted to award.
 
 
 15
 Second, even though both parties have agreed that it is possible that the jury's damages award exceeds Kruer's original request by approximately $2,000, we do not view this difference as so shockingly excessive or substantial to warrant reversal of the jury's award. See Rodgers, 739 F.2d at 1106.
 
 III. Post-judgment Interest
 
 16
 In its verdict, the jury recommended that the court award Kruer interest on damages. The District Court's May 21, 1987, order ruled that Kruer should receive prejudgment interest as of January 1, 1983, at 8% and post-judgment interest of 12% as of January 20, 1987, the date the court entered judgment. Gulf appeals only the court's entry of post-judgment interest, calculated under Kentucky law, rather than federal law.
 
 
 17
 We agree with Gulf that federal law, under 28 U.S.C. Sec. 1961(a) (1982), determines the proper interest rate to be applied to an award after entry of judgment in a federal diversity case. See Bailey v. Chattem, Inc., No. 86-6188 (6th Cir. January 26, 1988). Because the District Court did not apply the interest rate required under federal law, we reverse the District Court's order and remand this case for a determination of post-judgment interest under Sec. 1961(a).